**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CIVIL ACTION NO. 09-319-JBC**

**ARCH INSURANCE COMPANY, ET AL.,**                                    **PLAINTIFFS,**

**V.**                          **MEMORANDUM OPINION AND ORDER**

**BROAN-NUTONE, LLC,**                                                  **DEFENDANT.**

**\* \* \* \* \* \* \* \* \* \* \***

     This matter is before the court upon Broan-Nutone's motion *in limine* to

exclude the testimony of William C. Mers Kelly, P.E. (R. 73).  The court, having

reviewed the arguments of counsel and being otherwise sufficiently advised, will

deny the motion.

     Mers Kelly is qualified to testify regarding his conclusions based on his

examination of the evidence due to his knowledge, skill, training, experience, and

education.  *See* FED. R. EVID. 702, *Kumho Tire Co. v. Carmichael*, 526 U.S. 137

(1999); In re *Scrap Metal Antitrust Litig.*, 527 F.3d 517, 528-529 (6th. Cir. 2008).

He holds a Bachelor's degree in mechanical engineering and is a licensed engineer in

multiple states.  He is currently employed as a forensic engineer and has worked as

an engineer for over twenty (20) years.  Mers Kelly has experience designing

equipment that includes fans and fluorescent lighting circuits.

     Second, Mers Kelly's testimony is relevant because it will assist the trier of

fact in understanding the evidence and determining facts in issue.  *See id.* Mers

Kelly examined the damaged fan/light assembly in great detail. He concluded that resistive heating, caused by an intermittent electrical connection where the insulation on wires had been worn away through contact with a sharp metal bracket, was the source of the fire. His conclusion is firmly grounded in his specialized observations made during this examination. *Kumho Tire*, 526 U.S. at 149. His ability to explain the concept of resistive heating and how it applies to the evidence in this case will assist the trier of fact in understanding the facts in issue.

Third, Mers Kelly's expected testimony is reliable. *See* FED. R. EVID. 702, *Kumho Tire*, 526 U.S. 137; *In re Scrap Metal*, 527 F.3d at 528-529. His conclusions are based on his close examination of the evidence, and he relies on his experience and training in engineering. The defendants argue that Mers Kelly's testimony is not reliable because he did not perform all available tests to confirm his conclusions, because he did not attempt to reproduce the conditions giving rise to the fire, and because subsequent testing performed by others was not able to reproduce the resistive heating condition. While the ability to test an expert's theory is one of the factors of reliability to be considered, *see Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 593 (1993), the *Daubert* factors are not "'a definitive checklist or test,' but may be tailored to the facts of a particular case." *In re Scrap Metal*, 527 F.3d at 529 (quoting *Kumho Tire*, 526 U.S. at 150). These arguments asserting the weakness of Mers Kelly's expert opinion go toward the

weight of his testimony rather than its admissibility, *see McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 801 (6th Cir. 2000), and the defendants will have an opportunity to cross-examine Mers Kelly on matters raised during direct examination, which may include the issues above.

Due to Mers Kelly's qualifications and the relevancy and reliability of his expected testimony, he will be allowed to testify. Accordingly,

**IT IS ORDERED** that Broan-Nutone's motion *in limine* (R.73) is **DENIED**.

Signed on  August 8, 2011

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY